Nos. 6197 and 6198.

## ADAM ARMSTRONG *v.* THE STATE.

FRAUDULENT DISPOSITION OF MORTGAGED PROPERTY—INDICTMENT, to be sufficient to charge the offense of fraudulently disposing of mortgaged property, with intent to defraud, etc., must allege the name of the person to whom the mortgaged property was disposed or sold, or that the name of such person was to the grand jury unknown.

APPEALS from the District court of Dallas. Tried below before the Hon. G. N. Aldredge.

These were convictions for fraudulently disposing of mortgaged property, the penalties assessed being a term of two years in the first and of three years in the penitentiary in the second case.

No brief in either case for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant in each of the above cases has been convicted of a fraudulent disposition of mortgaged property. An indictment, to be sufficient to charge the offense of selling or disposing of mortgaged property with intent to defraud, must allege the name of the person to whom the mortgaged property was disposed or sold, or that the name of such person was unknown to the grand jury. (Smith v. The State, 26 Texas Ct. App., 577; Presley v. The State, 24 Texas Ct. App., 494; Alexander v. The State, ante. 94.)

Because the indictments in these cases are fatally defective in this regard, the judgments are reversed and the prosecutions dismissed.

*Reversed and dismissed.*